NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1853-15T4
 A-4780-15T4

JULIO C. NUNEZ,

 Plaintiff-Appellant,

v.

ENGEL INVESTMENTS, LLC, ENGEL
GARDENS, LLC, and PLANNING BOARD OF
THE CITY OF ELIZABETH, NEW JERSEY,

 Defendants-Respondents.
_______________________________

 Argued April 5, 2017 – Decided June 6, 2017

 Before Judges Manahan and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Docket Nos. L-
 3712-14 and L-3633-15.

 Fred R. Gruen argued the cause for appellant
 (Gruen & Goldstein, attorneys; Mr. Gruen, on
 the briefs).

 Scott E. Becker argued the cause for
 respondent Engel Investments, LLC.

 Patrick J. McNamara argued the cause for
 respondent Planning Board of the City of
 Elizabeth, New Jersey (Scarinci & Hollenbeck,
 LLC, attorneys; Mr. McNamara, on the briefs).

PER CURIAM
 In these consolidated appeals, plaintiff Julio C. Nunez

appeals from orders entered by the Law Division affirming the

decisions of defendant Planning Board of the City of Elizabeth

(Board) for construction of apartments located on two separate

lots. In light of the Law Division judge’s thorough and well-

reasoned decisions, and our deferential standard of review, we

affirm.

 Defendants Engel Investments, LLC, (Engel Investments) and

Engel Gardens, LLC, (Engel Gardens) submitted two separate

applications to the Board seeking preliminary and final site plan

approval to develop properties located at 650-656 Westfield Avenue

in the City of Elizabeth (Property I) and 618-630 Westfield Avenue

in the City of Elizabeth (Property II). The application for

Property I included several bulk variances. The proposed site

plan for Property II did not require any variances.

 Property I and Property II are located in an area governed

by the R-3 multi-family zone under the Land Use Development

Ordinance of the City of Elizabeth (LDO), where multi-story, multi-

family residential development is a permitted use. After

defendants' submissions, the Board deemed the applications

complete and held public hearings on July 10, 2014, for Property

I, and on July 23, 2015, for Property II.

 2 A-1853-15T4
 I.

 At the July 10, 2014 hearing for Property I, the Board heard

testimony from Samuel Engel, the managing member of Engel

Investments. Engel testified that the development of Property I

involved the merger of three parcels, demolition of the existing

structures, and the construction of a multi-story building

containing thirty-two residential units. Engel addressed the

number of proposed available parking spaces and acknowledged the

need to provide new curbs, sidewalks and trees along the frontage

of Property I.

 Anthony Kurus, a licensed professional engineer, also

testified. Kurus provided the Board with a detailed review of the

proposed site plan, including the landscaping, storm water

management, and means of access and egress. Kurus testified that

Engel Investments would address and satisfy various conditions

articulated in the June 12, 2014 report by Victor E. Vinegra, the

Board planner.

 James R. Guerra, a licensed architect and professional

planner, testified relative to the bulk variances. In its

application, Engel Investments sought four variances from the

requirements of the LDO. First, the LDO required a rear yard

setback of fifty feet; the development proposed a rear yard setback

of fifteen feet. Second, the LDO required a maximum impervious

 3 A-1853-15T4
coverage of sixty percent; the development proposed a maximum

impervious coverage of approximately seventy-eight percent.

Third, the LDO required a maximum permitted height in the R-3

multi-family zone of thirty-five feet; the development proposed a

height of approximately thirty-eight feet. Fourth, the LDO

required a minimum of fifty percent of the total open space be

exterior lawn; the development proposed for no lawn.

 After Guerra's testimony, plaintiff's counsel made an opening

statement to the Board and cross-examined the witnesses.

Specifically, plaintiff's counsel questioned Engel about the

amount of proposed parking and questioned Guerra about the bulk

variances sought by Engel Investments. After plaintiff's counsel

rested, the Board opened the meeting. Some citizens in attendance

expressed their concerns over the project.

 The Board concluded the hearing and briefly discussed the

project on the record. After discussion, the Board voted

unanimously in favor of approval. A resolution memorializing the

vote was subsequently adopted at the Board meeting held on

September 4, 2014.

 On October 14, 2014, plaintiff filed an action in lieu of

prerogative writs challenging the Board's approval of the project.

A hearing was conducted before Judge Karen M. Cassidy on November

10, 2015. On December 1, 2015, the judge issued an order upholding

 4 A-1853-15T4
the Board's decision. In a comprehensive statement of reasons,

the judge determined there was more than an adequate basis for

each bulk variance, and that the record from the July 10 meeting

supported a finding that the Board's conclusions were not

arbitrary, capricious or unreasonable. Plaintiff filed an appeal

(A-1853-15).

 II.

 At the July 23, 2015 hearing for Property II, the Board heard

testimony from Engel, Kurus, Guerra, Christine Nazarro Cofone, a

licensed professional planner, and Justin Taylor, a traffic

engineer. Neither plaintiff, nor anyone on his behalf, appeared

at the hearing.

 Engel testified that the development involved the

construction of a multi-story building containing thirty

residential units. Engel addressed the number of proposed

available parking spaces and acknowledged the need to provide new

curbs, sidewalks and street trees along the frontage.

 Kurus provided the Board with a detailed review of the

proposed site plan, explaining the landscaping, storm water

management, and access and egress. Kurus further testified that

Engel Gardens would address and satisfy various conditions

articulated in the July 15, 2015 report by Vinegra.

 5 A-1853-15T4
 Guerra testified regarding the proposed building's

configuration, the location and number of units, and the Americans

with Disabilities Act (ADA) accessible units on the ground floor.

Guerra noted that the proposed building did not require any bulk

variances or design waivers.

 Cofone testified that the proposed project satisfied a number

of purposes under the Municipal Land Use Law (MLUL), N.J.S.A.

40:55D-1 to -112. According to Cofone, the project provided

adequate light, air, and open space, and significantly reduced the

property's impervious coverage.

 Taylor, who prepared the Traffic Impact Assessment (TIA)

submitted by Engel Gardens, testified that the assessment analyzed

the difference in traffic between the property's current use and

the proposed use. Based upon the TIA, it was determined there

would be no detrimental impact from the proposed development to

the surrounding roadways, and that access to and from the proposed

project would operate in a safe and efficient manner.

 At the conclusion of the testimony, and after consideration

of the TIA, the Board voted unanimously in favor of approval. A

resolution memorializing the vote was subsequently adopted at the

Board meeting held on September 3, 2015.

 On October 22, 2015, plaintiff filed an action in lieu of

prerogative writs challenging the Board's approval of the project

 6 A-1853-15T4
at Property II. A hearing was conducted on June 16, 2016, before

Judge Cassidy. At the conclusion of the hearing, the judge entered

an order affirming the Board’s decision. In an oral decision, the

judge held that the Board's conclusions were not arbitrary,

capricious or unreasonable. The judge held the Board properly

determined the project did not require variances, and was in

compliance with all applicable codes and regulations. Plaintiff

filed an appeal (A-4780-15).

 Plaintiff raises the following points in appeal A-1853-15:

 POINT I

 THE TRIAL COURT ERRED IN UPHOLDING DEFENDANT
 PLANNING BOARD'S VARIANCE GRANTS.

 POINT II

 THE TRIAL COURT ERRED IN UPHOLDING THE
 PLANNING BOARD'S GRANT OF SITE PLAN APPROVAL,
 AS APPLICANT FAILED TO REQUEST NECESSARY
 VARIANCES.

 Plaintiff adds the following points in a reply brief in appeal

A-1853-15:

 POINT I

 THE SHORTENED REAR YARD VARIANCE WAS
 IMPROPERLY GRANTED.

 POINT II

 THE IMPERVIOUS COVERAGE AND OPEN SPACE
 VARIANCES WERE IMPROPERLY GRANTED.

 7 A-1853-15T4
 POINT III

 THE BOARD'S RESOLUTION APPROVING THE PROPOSED
 PARKING LAYOUT VIOLATES THE RESIDENTIAL SITE
 IMPROVEMENT STANDARDS, N.J.A.C. 5:21-4.16(B).

 POINT IV

 THE BOARD'S RESOLUTION APPROVING A FOUR[-
 ]STORY BUILDING IN THREE[-]STORY R-3 MULTI[-
 ]FAMILY ZONE WITHOUT A VARIANCE VIOLATES THE
 ELIZABETH ZONING ORDINANCE: THE LOFTS ON THE
 THIRD FLOOR CONSTITUTE A FOURTH STORY SINCE
 THEY ARE NOT "MEZZANINES."

 POINT V

 THE BOARD'S RESOLUTION APPROVING AN ELEVATOR
 BUILDING IN THE R-3 MULTI-FAMILY ZONE WITHOUT
 A USE VARIANCE VIOLATES THE ELIZABETH ZONING
 ORDINANCE.

 Plaintiff raises the following point in appeal A-4780-15:

 POINT I

 THE TRIAL COURT ERRED IN UPHOLDING THE
 PLANNING BOARD'S GRANT OF SITE PLAN APPROVAL,
 AS APPLICANT FAILED TO REQUEST NECESSARY
 VARIANCES[].

 "[W]hen reviewing the decision of a trial court that has

reviewed municipal action, we are bound by the same standards as

was the trial court." Fallone Props., LLC v. Bethlehem Twp.

Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004) (citations

omitted). "[W]hen a party challenges a zoning board's decision

through an action in lieu of prerogative writs, the zoning board's

decision is entitled to deference." Kane Props., LLC v. City of

 8 A-1853-15T4
Hoboken, 214 N.J. 199, 229 (2013). "The questions on appeal are

only whether or not the action of the board was arbitrary,

capricious or patently unreasonable, and whether it acted properly

under the statute, that is, in accordance with the statutory

standard." Paruszewski v. Twp. of Elsinboro, 154 N.J. 45, 54-55

(1998) (citation omitted).

 The courts "will give substantial deference to findings of

fact, [however,] it is essential that the board's actions be

grounded in evidence in the record." Fallone, supra, 369 N.J.

Super. at 562. Legal determinations are not entitled to

presumption of validity and are subject to de novo review.

Wyzykowski v. Rizas, 132 N.J. 509, 518-20 (1993).

 Regarding the proposed project at Property I, the judge

determined the proofs relating to the bulk variances sought by

Engel Investments were in accord with the requirements outlined

by N.J.S.A. 40:55D-70(c)(2). Specifically, the judge found that

Engel Investments demonstrated that the proposed project: (1)

related to a specific piece of property; (2) advanced the purposes

of the MLUL by a deviation from the zoning ordinance requirement;

(3) the variance was without detriment to the public good; (4) the

benefits of the deviation outweighed any detriments; and (5) the

variance did not impair the intent and purpose of the zone plan

or ordinance. See Wilson v. Brick Twp. Zoning Bd. of Adjustment,

 9 A-1853-15T4
405 N.J. Super. 189, 198 (App. Div. 2009) (citations omitted).

The judge held the Board properly analyzed and granted each

variance requested by Engel Investments, and thus the Board's

decision to grant the application was not arbitrary, capricious

or unreasonable.

 Regarding the proposed project at Property II, the judge

reviewed the evidence and testimony submitted by Engel Gardens

that formed the basis for the Board's determination that no

variances were required. The judge held the Board properly

considered the uncontested expert testimony from Guerra, Kurus,

Cofone, Taylor, and Vinegra. The judge, after an analysis of the

applicable zoning ordinances, concluded the Board's decision to

grant the application was not arbitrary, capricious, or

unreasonable.

 Given our highly deferential standard of review, and having

considered Judge Cassidy's thorough and well-reasoned decisions

in light of the record and the controlling decisions of law, we

discern no error.

 Affirmed.

 10 A-1853-15T4